Walter Steimel, Jr. (WES-446262)
Jonathan Zavin (*pro hac vice* application forthcoming)
LOEB & LOEB LLP
901 New York Avenue NW
Suite 300 East
Washington, D.C. 20001
Tel. 202-618-5000
Fax 202-618-5001

Attorneys for Plaintiff
Spanski Enterprises, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-------------------------------------------------------- X
:
SPANSKI ENTERPRISES, INC.,
:
        Plaintiff,
:   ____ CV _____
v.
:
TELEWIZJA POLSKA, S.A.,
:  **COMPLAINT**
        Defendant.
:
:
-------------------------------------------------------- X

      Plaintiff Spanski Enterprises, Inc., by its attorneys Loeb & Loeb LLP, alleges as follows:

## NATURE OF ACTION – COPYRIGHT

    1.     This is a civil action seeking damages and a permanent injunction for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 *et seq.*).

## THE PARTIES

2. Plaintiff Spanski Enterprises, Inc. ("SEI") is a corporation organized under the laws of Canada with its principal place of business in Mississauga, Ontario. SEI and its subsidiaries are engaged in, among other things, the distribution of Polish-language television and radio content in North and South America via satellite and cable television, and over the Internet.

3. Defendant Telewizja Polska, S.A. ("TVP") is, upon information and belief, a business corporation organized under the laws of Poland and wholly owned by the Polish government. TVP owns and operates several Polish-language television channels based in Poland, including a channel called TVP Polonia (formerly known as TV Polonia).

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this matter pursuant to the Copyright Act, 28 U.S.C. § 1338(a), and the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1603(a)-(b), and 1605(a) (1), (2), as defendant TVP is an agency and instrumentality of the Polish Government engaging in commercial activity within the United States.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (f)(4).

## FACTUAL ALLEGATIONS

### The Agreement

6. By written agreement dated December 14, 1994 (the "Agreement"), SEI acquired from TVP the exclusive right to broadcast TVP Polonia, a Polish-language television channel produced by TVP, including its copyrighted programming, in North and South America (the

"Territory"). The Agreement's term is twenty-five (25) years from the date of its execution, with an option to extend the term for ten (10) additional years.

7. Following the execution of the Agreement, SEI and its affiliates expended more than $1 million establishing the necessary infrastructure to facilitate the distribution of TVP Polonia throughout the Territory.

8. By contractual addendum dated as of November 4, 1999 (the "First Addendum"), TVP granted SEI the further exclusive right to use (i.e., distribute, broadcast and display) TVP Polonia over the Internet within the Territory.

**SEI's Exclusive Rights in the United States to TVP Programming**

9. In February 2007, litigation was commenced between SEI and TVP in the Southern District of New York concerning various contractual disputes. The litigation culminated in an August 11, 2009 Settlement Agreement between SEI and TVP ("Settlement Agreement") that amended and clarified the parties' rights and obligations under the Agreement (and its subsequent addenda, including the First Addendum).

10. Part II of the Settlement Agreement states in relevant part as follows:

> A. SEI is and shall remain the exclusive distributor of *TV Polonia* … programming content in the territory of North and South America by any and all means of distribution …
>
> B. SEI shall remain the exclusive distributor of *TV Polonia* programming content via the Internet … in the territory of North and South America …
>
> D. SEI and its licensee and/or assignees has been and is granted the exclusive rights during the term of the Agreement to re-broadcast TV Polonia … in [its] entirety (including repeat programming and/or re-runs) …

      E.  TVP shall not distribute or offer to distribute, or permit the distribution of any other channels in North and South America that contain any of the same programming that is contained, has been contained, or will be contained in … *TV Polonia* …

      K.  The parties shall maintain and continue all Internet geo-blocking which is currently in effect, and shall use their best efforts to conform their respective future geo-blocking efforts to the latest widely disseminated and financially practicable geo-blocking technologies; …

### **TVP's Unlawful Distribution of TVP Polonia Series in the United States**

11. In violation of SEI's rights under U.S. copyright law as the exclusive distributor of TVP Polonia programming content, TVP maintained a web site accessible in the United States, at http://www.tvp.pl, and on which visitors situated in the United States could view episodes of Polish-language television series for which SEI is the exclusive U.S. distributor.

12. The TVP Polonia series whose episodes were accessible included (but were not limited to) *Galeria*, *Gleboka Woda*, *M jak Milosc*, *Ojciec Mateusz*, *Plebania*, *Ranczo* and *Rezydencja* (hereinafter "the Serial Shows").

13. SEI has the exclusive right in the United States to distribute, broadcast and display, including via the Internet, any episode of the Serial Shows that has appeared, does appear, or will appear on TVP Polonia.

14. Geo-blocking is a means by which TVP can determine which Internet users can access the video content on its web site; for instance, TVP could give Internet users in Poland unhindered access to the video content while preventing United States-situated users from accessing this same content.

15. Upon information and belief, some time in 2010 or 2011, TVP turned off the geo-blocking feature and thereby intentionally made available to viewers in the United States via the

Internet thousands of episodes of shows to which SEI had the exclusive distribution rights in the United States ("the Episodes"), including but not limited to 51 Episodes of the Serial Shows (hereinafter the "Registered Episodes") prior to the Episodes' scheduled appearance on TVP Polonia.  TVP's distribution of them in the Territory infringed on SEI's exclusive rights in the Episodes.

16. None of the Episodes are United States works pursuant to 17 U.S.C. § 411(a).

17. SEI itself or through its subsidiary EuroVu, S.A. ("EuroVu") pre-registered each of the Registered Episodes with the Copyright Office pursuant to 17 U.S.C. § 408(f).

18. The pre-registration of each Registered Episode occurred prior to the Registered Episode's being accessible in the Territory via the TVP web site, or the first act of copyright infringement by TVP.  The Copyright preregistration number for each of the Registered Episodes is included in the list attached as an Appendix to this Complaint.

19. Within a month of each Registered Episode's first appearance on the TVP web site, SEI, itself or through its subsidiary EuroVu, registered the Registered Episode with the Copyright Office.  The Copyright Registration number for each of the Registered Episodes is included in the list attached as an Appendix to this Complaint.

20. Upon information and belief, in or about March 2012, upon learning that SEI was investigating its illegal activity, TVP ceased making the Episodes accessible in the United States, by re-activating the geo-blocking feature of its web site that prevents Internet users situated in the United States from accessing video content on TVP's web site.

21.     At no time has SEI authorized TVP or an affiliate to distribute or display any of the Episodes in the Territory, or otherwise exploit any of the exclusive rights to the Episodes in the Territory.

22.     TVP could easily again turn off the geo-blocking feature on its web site, enabling Internet users in the United States to once again be able to view television programming for which SEI has the exclusive U.S. distribution rights.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

23.     Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 22 as if set forth fully herein.

24.     Plaintiff is the owner of the exclusive right to distribute and display the Episodes in the United States.

25.     Defendant has violated Plaintiff's exclusive rights to the Episodes by illegally distributing and displaying them in the Territory.

26.     Defendant's acts of infringement have been willful, intentional, and in disregard and with indifference to Plaintiff's rights.

## PRAYER FOR RELIEF

27.     As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright with respect to the Registered Episodes, Plaintiff is entitled under 17 U.S.C. § 504(b) to actual damages and Defendant's profits, or, at its election, statutory damages pursuant to 17 U.S.C. § 504(c) for each of Defendant's infringements of Plaintiff's copyrighted works.  Because

Defendant's infringements were willful, at its election, Plaintiff is entitled to statutory damages in an amount up to $150,000 for each work infringed.

28.     As a result of Defendant's infringement of Plaintiffs exclusive rights under copyright with respect to those Episodes that are not Registered Episodes, Plaintiff is entitled under 17 U.S.C. §504(b) to actual damages and Defendant's profits.

29.     Defendant's conduct has caused, and unless enjoined and restrained by this Court may continue to cause, Plaintiff injury that cannot fully be compensated or measured in money. TVP has demonstrated a pattern of failing to respect SEI's exclusive rights to distribute certain Polish-language television programming in the United States; and, unless TVP is permanently restrained from enabling Internet users based in the United States to view certain Polish-language television programming for which SEI is the exclusive U.S. distributor, TVP could easily again de-activate the geo-blocking feature of its web site that presently appears to prevent U.S. users from accessing this television programming.   Plaintiff therefore has no adequate remedy at law and, pursuant to 17 U.S.C. § 502, requests permanent injunctive relief prohibiting Defendant, and all persons acting in concert or participating with Defendant, from further infringing Plaintiff's exclusive rights.

30.     Plaintiff is also entitled to reasonable attorneys' fees and costs, pursuant to 17 U.S.C. § 505.

31.     Plaintiff also requests any such other and further relief that the Court deems just and proper.

Dated: Washington, D.C.
       June 11, 2012

        By:    <u>/s/ Walter Steimel, Jr.</u>
               Walter Steimel, Jr. (WES-446262)
               Jonathan Zavin (*pro hac vice*
               application forthcoming)
               LOEB & LOEB LLP
               901 New York Avenue NW
               Suite 300 East
               Washington, D.C. 20001
               Tel. 202-618-5000
               Fax 202-618-5001

*Attorneys for Plaintiff*
*Spanski Enterprises, Inc.*