```
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-------------------------------------------------------------x
                                              :
SPANSKI ENTERPRISES, INC.,                    :
                                              :
                              Plaintiff,      :  Case No.: 12-CV-957 (ABJ)
                                              :
            v.                                :
                                              :
                                              :
TELEWIZJA POLSKA, S.A.,                       :
                              Defendant.      :
-------------------------------------------------------------x
```

## ANSWER TO COMPLAINT

Defendant Telewizja Polska, S.A. ("TVP" or "Defendant"), through its undersigned attorneys DLA Piper LLP (US), responds to the Complaint (hereinafter, the "Complaint") of Spanski Enterprises, Inc. ("SEI" or "Plaintiff") as follows:

### ANSWER

1. Defendant admits the allegations of paragraph 1 of the Complaint.

2. Defendant admits the allegations of paragraph 2 of the Complaint.

3. Defendant admits the allegations of paragraph 3 of the Complaint.

4. Defendant admits the allegations of paragraph 4 of the Complaint.

5. Defendant admits the allegations of paragraph 5 of the Complaint.

6. Defendant denies the allegations of paragraph 6 of the Complaint, except admits that by an agreement dated December 14, 1994 (the "1994 Agreement") TVP granted SEI certain rights to distribute TVP Polonia programming in North and South America (the "Territory") for a term of twenty-five (25) years.

7. Defendant denies the allegations of paragraph 7 of the Complaint for lack of sufficient knowledge or information to justify a belief therein.

8. Defendant denies the allegations of paragraph 8 of the Complaint, except admits that by an addendum to the 1994 Agreement dated November 4, 1999 TVP granted SEI certain rights to broadcast TVP Polonia programming in the Territory via the Internet.

9. Defendant admits the allegations of paragraph 9 of the Complaint.

10. Defendant admits the allegations of paragraph 10 of the Complaint.

11. Defendant denies the allegations of paragraph 11 of the Complaint.

12. Defendant denies the allegations of paragraph 12 of the Complaint.

13. The allegations of paragraph 13 of the Complaint do not require an answer insofar as they call for conclusions of law. To the extent an answer is required, the allegations of paragraph 13 of the Complaint are denied.

14. Defendant denies the allegations of paragraph 14 of the Complaint for lack of sufficient knowledge or information to justify a belief therein.

15. Defendant denies the allegations of paragraph 15 of the Complaint.

16. The allegation of paragraph 16 of the Complaint does not require an answer because it calls for conclusions of law.

17. Defendant denies the allegations of paragraph 17 of the Complaint for lack of sufficient knowledge or information to justify a belief therein.

18. Defendant denies the allegations of paragraph 18 of the Complaint for lack of sufficient knowledge or information to justify a belief therein, except admits that the Appendix to the Complaint contains a list of television programming episodes.

19. Defendant denies the allegations of paragraph 19 of the Complaint for lack of sufficient knowledge or information to justify a belief therein, except admits that the Appendix to the Complaint contains a list of television programming episodes.

20. Defendant denies the allegations of paragraph 20 of the Complaint.

21. Defendant denies the allegations of paragraph 21 of the Complaint.

22. Defendant denies the allegations of paragraph 22 of the Complaint.

23. Defendant incorporates its responses to paragraphs 1 through 22 of the Complaint.

24. Defendant denies the allegations of paragraph 24 of the Complaint, except admits that TVP has granted SEI certain rights to distribute TVP Polonia programming in the Territory.

25. Defendant denies the allegations of paragraph 25 of the Complaint.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. The allegations of paragraph 27 of the Complaint do not require an answer insofar as they call for conclusions of law. To the extent an answer is required, the allegations of paragraph 27 of the Complaint are denied.

28. The allegations of paragraph 28 of the Complaint do not require an answer insofar as they call for conclusions of law. To the extent an answer is required, the allegations of paragraph 28 of the Complaint are denied.

29. The allegations of paragraph 29 of the Complaint do not require an answer insofar as they call for conclusions of law. To the extent an answer is required, the allegations of paragraph 29 of the Complaint are denied.

30. The allegations of paragraph 30 of the Complaint do not require an answer insofar as they call for conclusions of law. To the extent an answer is required, the allegations of paragraph 30 of the Complaint are denied.

31. The allegations of paragraph 31 of the Complaint do not require an answer because they state Plaintiff's general request for relief.

## **First Affirmative Defense**

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

To the extent Defendant infringed any of Plaintiff's copyrighted works, the infringement was innocent infringement.

### Third Affirmative Defense

The claims in the Complaint are barred because Plaintiff has failed to mitigate damages.

### Fourth Affirmative Defense

The claims in the Complaint are barred by the doctrine of laches.

### Fifth Affirmative Defense

Defendant reserves the right to assert other affirmative defenses as they become apparent after discovery and investigation.

*     *     *

WHEREFORE, TVP respectfully requests that the Court enter judgment:

(a) dismissing the Complaint with prejudice at SEI's cost; and

(b) granting such other relief as the Court deems just and equitable, including attorney's fees.

Dated: Washington, DC
November 30, 2012

DLA PIPER LLP (US)

/s/ Charles B. Wayne
Charles B. Wayne (# 935858)
500 8th Street, N.W.
Washington, DC 20004
Telephone: (202) 799-4253
Facsimile: (202) 799-5253
charles.wayne@dlapiper.com

        Andrew L. Deutsch
        David S. Wenger
        1251 Avenue of the Americas
        New York, NY 10020
        Telephone: (212) 335-4702
        Facsimile: (212) 884-8602
        andrew.deutsch@dlapiper.com
        david.wenger@dlapiper.com

*Counsel for Defendant TVP            .*