UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SPANSKI ENTERPRISES, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 12-cv-957 (TSC) |
| TELEWIZJA POLSKA S.A., | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

On December 2, 2016, this court determined that TVP infringed SEI's copyrights with regard to 51 TVP Polonia episodes that SEI had registered in the United States (Am. Mem. Op., ECF No. 80).[1] The court solicited further briefing as to the appropriate amount of statutory damages. Having considered the parties' filings and the relevant precedent, it is hereby ORDERED that Telewizja Polska shall pay Spanski Enterprises $60,000 per work, for a total of $3,060,000.

The Copyright Act states that, where copyright infringement has been found, courts may award between $750 and $30,000 "for all infringements involved in the action, with respect to any one work." 17 U.S.C. § 504(c)(1). If the infringement is found to be willful, the court may award up to $150,000 per work. *Id* § (c)(2). SEI requests an award of $150,000 per work, for a total sum of $7.65 million dollars. TVP argues that the court should award the plaintiff $1,800 per work for a total sum of $91,800.

---

[1] An amended memorandum opinion setting forth findings of fact and conclusions of law was filed on December 12, but contained no substantive changes.

Congress set the statutory damages range for willful copyright infringement to protect important public interests as well as the private interest of the plaintiff.  Copyright damages are intended to motivate creativity of authors and inventors as well as allow the public "access to the products of their genius after a limited period of exclusive control has expired." *Capitol Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 908 (8th Cir. 2012) (citing *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 429 (1984)).  Statutory Copyright Act damages "are designed not only to provide 'reparation for injury,' but also to 'discourage wrongful conduct'" on the part of the defendant and other potential infringers.  *Sony BMG Music Entertainment v. Tenenbaum*, 719 F.3d 67, 71 (1st Cir. 2013) (quoting *F. W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233, (1952)) (upholding the constitutionality of an award by a jury instructed to consider "the need to deter this defendant and other potential infringers.").  *Id.* at 69.  Statutory damages fulfill "'compensatory and punitive purposes' and help 'sanction and vindicate the statutory policy of discouraging infringement.'"  *Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 992 (9th Cir. 2009) (quoting *L.A. News Serv. v. Reuters Television Int'l*, 149 F.3d 987, 996 (9th Cir. 1998)).

Courts consider a number of factors in calculating a statutory award for willful copyright infringement, including:  (1) the defendant's history of copyright infringement, *see*, *e.g.*, *Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co.*, 74 F.3d 488, 496–497 (4th Cir. 1996); (2) deterrence against future violations of copyright infringement, *see*, *e.g.*, *International Korwin Corp. v. Kowalczyk*, 855 F.2d 375, 383 (7th Cir. 1988); (3) the defendant's purpose and intent, *see, e.g.*, *Sony BMG Music Entertainment v. Tenenbaum*, 660 F.3d 487, 503-4 (1st Cir. 2011); and (4) the attitude and conduct of the parties, *see*, *e.g.*, *Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir. 1989).

The court found that TVP acted volitionally in infringing SEI's copyright because TVP's employees removed territorial restrictions to make the programming accessible in North America, (Am. Mem. Op. at 13); TVP's arguments to the contrary appear to be based on an intentional misreading of the court's opinion.  The court found that TVP could not have been ignorant to the fact it was infringing SEI's copyright because it granted the exclusive license over TVP Polonia content to SEI and then intentionally infringed SEI's rights.  (*Id*. at 21).

TVP argues that SEI suffered no actual damage from the copyright infringement (Def. Supp. Post-Trial Brief, ECF No. 82 at 2, 4), that SEI should have attempted to mitigate any possible damages when it found out that TVP was infringing SEI's copyright (*id.* at 6–7), and that SEI's demand for more than $7.5 million dollars in statutory damages is grossly excessive when compared to the actual damage inflicted (*id.* at 8–9).  But actual damages are not required. *See, e.g.*, *Sony BMG Music Entertainment*, 660 F.3d 487 (holding that defendant's argument that statutory damages must be reasonably related to the actual damages was incorrect because Congress, in allowing plaintiffs to choose to recover either actual or statutory damages, made clear that statutory damages are not contingent on a demonstration of actual damages); *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229–30 (7th Cir. 1991) (concluding that statutory damages exist *because* actual damages are "often virtually impossible to prove").  TVP provides no precedent, nor is the court aware of any, suggesting that SEI has any obligation to "mitigate" statutory damages.

TVP also contends that the court should award statutory damages based on the market value of each program.  But market value is only relevant in assessing actual damages.  The court will not consider TVP's contention that the court erred by finding willful infringement.

Given the Defendant's history of infringing Plaintiff's copyright, as evidenced in the court's reference to the 2009 settlement agreement between the parties in the Southern District of New York litigation (Am. Mem. Op. at 3); Defendant's willful infringement and the need for deterrence; Defendant's egregious subsequent "intentional manipulation" of evidence "for the purposes of this litigation," (*id.* at 15); and the fact that the court lacks information necessary to determine actual damages and finds that information has in part been obfuscated by Defendant's conduct; the court awards SEI $60,000 for each of the 51 episodes infringed by TVP for a sum total of $3,060,000 dollars.[2]

A corresponding order will issue separately.

Date:  February 14, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[2] The court did not rely on Plaintiff's Reply or Defendant's Sur-reply (styled as "Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File a Reply Supplemental Brief as to Statutory Damages"); Plaintiff's Motion for Leave to File a Reply is denied as moot and Plaintiff's "Opposition," which is in substance a sur-reply, is stricken.