UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

-------------------------------------------------------X
:
SPANSKI ENTERPRISES, INC.,
:
       Plaintiff,
:
  v.
:  Case No. 12-cv-957 (TSC)
TELEWIZJA POLSKA S.A.,
:
       Defendant.
:
-------------------------------------------------------X

**PLAINTIFF SPANSKI ENTERPRISES, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN AWARD OF
<u>COSTS AND ATTORNEYS' FEES PURSUANT TO THE COPYRIGHT ACT</u>**

LOEB & LOEB LLP
Jonathan Zavin
John Piskora
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

*Attorneys for Plaintiff
Spanski Enterprises, Inc.*

12405915.1

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ............................................................................................1

FACTUAL BACKGROUND .................................................................................................3

ARGUMENT ..........................................................................................................................6

    SEI, AS THE PREVAILING PARTY, IS ENTITLED TO AN AWARD OF ITS COSTS AND REASONABLE ATTORNEYS' FEES UNDER THE COPYRIGHT ACT ............................................................................................................6

    I.  THE APPLICABLE LEGAL STANDARD ..............................................................6

    II.  SEI IS ENTITLED TO AWARD OF FEES AND COSTS IN THIS ACTION ..........7

        A.  SEI IS THE PREVAILING PARTY .............................................................7

        B.  TVP'S INFRINGING CONDUCT WAS MOTIVATED BY BAD FAITH AND ITS STATED INTENT TO "BREAK" ITS AGREEMENT WITH SEI .................................................................................8

        C.  TVP'S DEFENSES WERE DEVOID OF ANY LEGAL OR FACTUAL BASIS AND WERE OBJECTIVELY UNREASONABLE ................................................................................................9

        D.  AN AWARD OF FEES AND COSTS IS FURTHER WARRANTED BY TVP'S EGREGIOUS LITIGATION MISCONDUCT ...........................11

    III.  THE COSTS AND FEES SOUGHT BY SEI ARE REASONABLE ......................12

CONCLUSION ....................................................................................................................14

**TABLE OF AUTHORITIES**

**CASES**

                                                                               **Page(s)**

*BMG Rights Mgmt. (US) LLC v. Cox Commc'ns., Inc.*,
  No. 14-cv-1611, 2017 U.S. Dist. LEXIS 21001 (E.D. Va. Feb. 14, 2017) ........ 7, 9, 10

*Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and
  Human Resources*, 532 U.S. 598 (2001) ................................................................. 7

*Crescent Pub'g Grp., Inc. v. Playboy Enters.*,
  246 F.3d 142 (2d Cir. 2001) ................................................................................... 13

*Fogerty v. Fantasy, Inc.*,
  510 U.S. 517 (1994) ............................................................................................ 6, 8

*Harrison Music Corp. v. Tesfaye*,
  293 F. Supp. 2d 80 (D.D.C. 2003) .......................................................................... 6

*Katten by Thomas v. Dist. of Columbia*,
  995 F.2d 274 (D.C. Cir. 1993) .............................................................................. 12

*Kirtsaeng v. John Wiley & Sons, Inc.*,
  _ U.S. _, 136 S. Ct. 1979 (2016) ............................................................... 6, 7, 10, 11

*Makray v. Perez*,
  159 F. Supp. 3d 25 (D.D.C. 2016) ........................................................................ 13

*MOB Music Publ'g v. Zanzibar on the Waterfront, LLC*,
  698 F. Supp. 2d 197 (D.D.C. 2010) ........................................................................ 6

*Newborn v. Yahoo! Inc.*,
  437 F. Supp. 2d 1 (D.D.C. 2006) ..................................................................... 10-11

*Prunty v. Vivendi*,
  No. 1:14-cv-02073, 2016 U.S. Dist. LEXIS 85901 (D.D.C. July 1, 2016) ......... 6, 7, 9

*Reilly v. Plot Commerce*,
  15-CV-05118 (PAE) (BCM), 2016 U.S. Dist. LEXIS 152154 (S.D.N.Y. Oct.
  31, 2016) ............................................................................................................. 6-7

*Salazar v. Dist. of Columbia*,
  809 F.3d 58 (D.C. Cir. 2015) ................................................................................ 13

*Vienna Metro LLC v. Pulte Home Corp.*,
   No. 1:10-cv-00502, 2011 U.S. Dist. LEXIS 158648 (E.D. Va. Aug. 24, 2011) ........13

*ZilYen, Inc. v. Rubber Mfrs. Ass'n.*,
   958 F. Supp. 2d 215 (D.D.C. 2013) .........................................................................7

## STATUTES

Copyright Act, 17 U.S.C. § 505 .............................................................................*passim*

Plaintiff Spanski Enterprises, Inc. ("SEI") respectfully submits this memorandum of law in support of Plaintiff's motion, as the prevailing party in this action, for an award of attorneys' fees and costs pursuant to section 505 of the Copyright Act (17 U.S.C. §505) and Fed. R. Civ. P. 54(d)(2).

**PRELIMINARY STATEMENT**

Following a five day bench trial in this action, the Court concluded that Defendant Telewizja Polska SA ("TVP") had willfully infringed SEI's copyrights, and awarded SEI $3,060,000 in statutory damages pursuant to the Copyright Act. Critically, in doing so, the Court not only found that TVP's infringement was knowing and willful (as it required the creation of duplicate, non-geoblocked episode formats, and the affirmative manipulation of geo-blocking defaults in TVP's workflow and CMS systems), but that TVP's sole fact witness was far less than credible (his testimony claiming a lack of willfulness was belied by TVP's own computer files and records), its expert was "unhelpful" (as he testified only as to hypothetical geo-blocking failures and had not spoken to key TVP personnel), and that TVP's litigation conduct was "egregious" given its destruction of relevant evidence and the proven manipulation of evidence that was produced for purposes of this litigation.

Section 505 of the Copyright Act permits the Court, in its discretion, to award "full costs" and "reasonable attorneys' fees" to the "prevailing party" of a copyright infringement action. As guidance from the Supreme Court makes clear, in exercising that discretion the Court should consider the totality of the circumstances, including among other nonexclusive factors, the extent of a party's frivolousness, improper motivation, objective unreasonableness (both in the factual and legal components of the case), litigation misconduct, as well as the need in particular circumstances to advance considerations of compensation and deterrence. Here, each of these factors (individually and cumulatively) weigh overwhelmingly in favor of an award of costs and fees to SEI.

12405915.1

Not only has the Court specifically found that TVP is a repeat infringer of SEI's copyrights, but the infringement at issue in this action followed prior litigation between the parties (which confirmed SEI's exclusive rights and mandated that TVP continue to employ an effective geo-block), and also occurred during the pendency of subsequent litigation between the parties and with a clear improper motive. For this reason alone, an award of fees and costs to SEI is appropriate.

Separately and independently, TVP's defense in this action – that the infringement purportedly did not occur – was objectively unreasonable. Quite simply, TVP not only knew that the infringement did in fact occur, but intentionally and knowingly caused it to occur, and then attempted to cover it up. But for TVP's wrongful denials, which had no basis in fact (as was proven by TVP's own computer records), SEI would not have had to incur the overwhelming majority of the costs and fees that it now seeks to recover. For this independent reason, an award of costs and fees to SEI is appropriate.

Further, an award of costs and fees is mandated here given TVP's serious litigation misconduct (which was another substantial factor in causing SEI to incur expenses in this action). As this Court has already found, TVP's deletion of relevant files (what TVP's own expert described as the "mass deletion event") and other intentional manipulation of the documentary evidence for purposes of this litigation was simply "egregious," and cannot be condoned. For this independent reason, an award of costs and fees to SEI is entirely appropriate.

SEI's costs and reasonable attorneys' fees are set forth in detail in the accompanying Declaration of Jonathan Zavin. As set forth therein, SEI was afforded fee discounts, write-offs, other accommodations, as well as a billing rate "freeze" that substantially reduced SEI fees. Additional costs and fees are not being pursued in connection with this motion. In light of the foregoing, SEI respectfully requests that the Court grant its motion and award SEI $58,987.51 in costs, as well as $845,519.13 in reasonable attorneys' fees, for a total of $904,506.64.

**FACTUAL BACKGROUND**

SEI initiated this action on June 11, 2012, alleging a single claim against TVP for copyright infringement arising from TVP's distribution of episodes of *TVP Polonia* programming via its website in the United States. *See* Docket No. 1 (Complaint). TVP answered the complaint on November 30, 2012, denying that any infringement took place (and alleging in the alternative that any infringement was innocent), and further alleging that SEI's claim was barred by laches and by SEI's purported failure to mitigate its damages. *See* Docket No. 7 (Answer). TVP later sought and was granted leave to amend its answer to assert the further defense of equitable estoppel. *See* Docket No. 23, Exh. 1 (Amended Answer).

Throughout the litigation, TVP falsely claimed that the alleged infringement had never occurred because: (1) TVP maintained a website geo-block, and TVP purportedly had no record of any access to its website programming from the United States; (2) SEI's witnesses to the infringement were either lying (having somehow "circumvented" TVP's geo-block) or were not competent to testify as to what they accessed, viewed, and recorded from TVP's website; and (3) the documents and other evidence (videos) of infringement were not authentic nor admissible. *See generally* Docket No. 42 (TVP's motion *in limine* to exclude recorded internet activity and related testimony). TVP also argued (wrongly) that SEI's copyright claim was barred: (1) by the parties' contract; (2) because TVP purportedly did not engage in any volitional conduct; (3) because TVP's conduct was entirely extra-territorial; and (4) because TVP was purportedly unaware of its infringing acts and, thus, SEI should for some reason be estopped from maintaining an infringement claim. *See* Docket No. 24 (TVP's motion for summary judgment); Docket No. 55 (Am. Joint Pre-Trial Statement) at IV.B.

Following the five-day bench trial of this action, the Court concluded that: (1) SEI was the copyright owner of the 51 individual episodes registered for copyright by SEI (*see* Docket No. 80

(Am. Post-Trial Findings) at 1; (2) TVP intentionally, willfully and volitionally infringed SEI's exclusive copyrights by distributing the *TVP Polonia* programming content "on demand," via the TVP website www.tvp.pl, from December 2011 to March 1, 2012 (and that such distribution was <u>not</u> the result of a purported geo-blocking failure as TVP attempted to claim) (*see id.* at 1-2; I.B.3(f); I.C-I.D; II.C; II.D.4; III; and (3) TVP failed to establish any defense (*see id.* at II.D). By Memorandum Opinion dated February 14, 2017, the Court awarded SEI $3,060,000 in statutory damages for its claim of copyright infringement.

In so ruling, the Court rejected TVP's evidentiary challenges to SEI's evidence of infringement (*see* Docket No. 58 (Transcript of Jan. 28, 2016 proceedings)), and concluded following trial that: (1) SEI's witnesses (Messrs. Barnett, Jensen, Spence, and Gladkowski) "testified credibly" as to TVP's infringement (and that there was no evidence to counter the testimony that these witnesses did not circumvent TVP's geo-block); (2) TVP's fact witness, Mr. Terlicki, was less than credible; and (3) the testimony of TVP's expert witness, Dr. Hallam-Baker, was "unhelpful" because he only "speculated" as to "'hypothetical' reasons why TVP's geoblocking technology might not have worked." Docket No. 80 (Am. Post-Trial Findings) at I.C.-I.D.

The Court further concluded that TVP willfully and volitionally infringed SEI's copyrights, as TVP (by its AV technicians and program editors) intentionally coded specific formats of *TVP Polonia* episodes so that the episodes could be viewed in the United States – a process which required the affirmative override or removal of the default geo-blocking settings in both the CMS and workflow systems. *See id.* at I.D.1. Indeed, the Court found that – contrary to the denials of TVP's Jacek Terlicki (the person actually in charge of TVP's geo-blocking system) – TVP created multiple formats of the same *TVP Polonia* episode (one without geo-blocking restrictions, and the others with these restrictions), which "enable[d] the territorial restrictions on shows to be changed

without having to remove the show from distribution," and "demonstrate[d] that the infringement was intentional and willful, since creating a format is an intentional act." *See id.* at I.D.2(a)-(b) and PX 55, 56, 60, 63, 64; II.C.7.

The Court also found that TVP's intentional cover-up of its infringing activities further warranted a finding of willful copyright infringement. *See id.* at I.D.2(d). Specifically, from late February 2011 to early March 2012, TVP employees deleted the non-geoblocked formats of the episodes that SEI had pre-registered for copyright protection (including what TVP's own expert described as the "mass deletion event" – the hasty, sequential deletion of the non-geoblocked formats for 27 episodes pre-registered for copyright by SEI in a 3½ minute time span). *See id.*; *see also* PX 57-58; Tr. at 671:17. Further, TVP permitted relevant access logs and CMS logs to be destroyed or overwritten, and TVP's employees (acting upon the instructions of Terlicki) intentionally manipulated the workflow settings for certain episode formats immediately prior to taking screenshots of the settings for production in this litigation. *See id.* I.D.2(e); PX 57-58; DX 3; *see also* Docket No. 85 (Memorandum Opinion and damages award) at 4 (noting TVP's "history of infringing Plaintiff's copyright[s], as well as TVP's "egregious subsequent 'intentional manipulation' of evidence 'for the purposes of this litigation'").

**ARGUMENT**

**SEI, AS THE PREVAILING PARTY, IS ENTITLED TO AN AWARD OF ITS COSTS AND REASONABLE ATTORNEYS' FEES UNDER THE COPYRIGHT ACT**

I.   THE APPLICABLE LEGAL STANDARD

Section 505 of the Copyright Act permits the Court, in its discretion, to award "full costs" and "reasonable attorneys' fees" to the "prevailing party" of a copyright infringement action. *See* Copyright Act, 17 U.S.C. § 505; *see also MOB Music Publ'g v. Zanzibar on the Waterfront, LLC*, 698 F. Supp. 2d 197, 208-09 (D.D.C. 2010) (awarding prevailing plaintiff costs and attorneys' fees in copyright infringement action); *Harrison Music Corp. v. Tesfaye*, 293 F. Supp. 2d 80, 84 (D.D.C. 2003) (same; noting that "[u]nder the Copyright Act, the Court has discretion to award costs, including reasonable attorney's fees, to the prevailing party").

Although "there is no precise rule or formula" for determining whether an award of costs and fees are appropriate under the Copyright Act, courts are directed to consider the totality of the circumstances, including among other nonexclusive factors, a party's: "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Prunty v. Vivendi*, No. 1:14-cv-02073, 2016 U.S. Dist. LEXIS 85901, at *5-*6 (D.D.C. July 1, 2016) (*quoting Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 & n.19 (1994)); *see also Kirtsaeng v. John Wiley & Sons, Inc.*, _ U.S. _, 136 S. Ct. 1979, 1985, 1989 (2016).

It is not necessary, however, that the Court find that a defendant acted frivolously or in bad faith in order to award costs and fees. *See MOB Music*, 698 F. Supp. 2d at 208 ("Considering all the facts in this case, including plaintiffs' interest in vindicating the rights provided to them by Congress in the Copyright Act, plaintiffs' need to amend the complaint to add an additional infringement, and the protracted nature of this litigation, the Court concludes that an award of costs and attorneys' fees is warranted."); *Reilly v. Plot Commerce*, 15-CV-05118 (PAE) (BCM), 2016

U.S. Dist. LEXIS 152154, at *35-*36 (S.D.N.Y. Oct. 31, 2016) (recommending an award of attorneys' fees "[g]iven defendants willful misconduct … together with its failure to offer any defense to plaintiff's claims").

A party's defense is objectively unreasonable where it "is clearly without merit or otherwise patently devoid of legal or factual basis." *See Prunty*, 2016 U.S. Dist. LEXIS 85901, at *6 (*citing ZilYen, Inc. v. Rubber Mfrs. Ass'n*, 958 F. Supp. 2d 215, 218 (D.D.C. 2013). However, while the objective unreasonableness of a defense to an infringement claim is an important factor in assessing applications for costs and attorneys' fees under the Copyright Act, it is "not the controlling one." *Kirtsaeng*, _ U.S. _, 136 S. Ct. at 1989. Rather, "courts must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals" of compensation and deterrence, which means that "a court may award fees even though the losing party offered reasonable arguments." *Id.* at 1988. "For example, a court may order fee-shifting because of a party's litigation misconduct, whatever the reasonableness of his … defenses …, [o]r may do so to deter repeated instances of copyright infringement …." *Id.* at 1988-89. Each of these factors weigh overwhelmingly in favor of an award of costs and fees to SEI in this action.

## II.   SEI IS ENTITLED TO AWARD OF FEES AND COSTS IN THIS ACTION

### A.   SEI IS THE PREVAILING PARTY

Only a prevailing party is entitled to an award of fees and costs pursuant to section 505 of the Copyright Act. 17 U.S.C. § 505. The "prevailing party" is the "party in whose favor a judgment is rendered, regardless of the amount of damages awarded …." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 603 (2001); *see also BMG Rights Mgmt. (US) LLC v. Cox Commc'ns., Inc.*, No. 14-cv-1611, 2017 U.S. Dist. LEXIS 21001, at *9 (E.D. Va. Feb. 14, 2017) (granting prevailing plaintiff $8,383,468 in attorneys' fees and $146,790 in costs in copyright infringement action). In this action, the Court found that

TVP infringed SEI's copyrighted works and awarded SEI statutory damages in the amount of $3,060,000.  *See* Docket No. 85 (Memorandum Opinion).  Accordingly, SEI is the prevailing party in this action.

### B. TVP'S INFRINGING CONDUCT WAS MOTIVATED BY BAD FAITH AND ITS STATED INTENT TO "BREAK" ITS AGREEMENT WITH SEI

An award of costs and fees to SEI is fully warranted here because TVP's willful infringement of SEI's copyrights was motivated by bad faith and made with TVP's express intent to "break" the party's agreement.  *See Fogerty*, 510 U.S. at 534 & n.19 (improper "motivation" behind a party's acts is a factor to be considered in determining whether to award costs and fees under the Copyright Act).

As the evidence at trial established, in 2006, after SEI had expended millions of dollars to create the infrastructure to distribute TVP's programming and SEI had acquired tens of thousands of paying subscribers, TVP concluded that the parties' agreement was "too favorable" to SEI and it sought to "break" it (and put that intent in writing).  *See* PX 4, 5.  In response to an arbitration proceeding improperly initiated by TVP in Warsaw (seeking to rescind the parties' agreement or severely limit SEI's distribution rights), SEI commenced an action in 2007 before the District Court for the Southern District of New York (entitled *Spanski Enterprises Inc., et al. v. Telewizja Polska S.A., et al.*; S.D.N.Y. Case No. 07 CIV 930) (hereinafter, the "2007 Action") seeking to enjoin TVP's Warsaw arbitration, for the award of certain declaratory relief concerning the true scope of SEI's exclusive distribution rights, as well as damages for TVP's copyright infringement (in January 2007, TVP began to openly infringe SEI's copyrights by making approximately 3000 separate *TVP Polonia* episodes available in the United States via TVP's websites by its similar "removal" of geo-blocking).  *See* PX 6 at ¶¶ 25, 46-56; Tr. at 32:21-34:25, 40:19-24 (Spanski).  TVP only stipulated to reinstitute its geo-block in September 2007 (a concession by TVP to secure SEI's consent to an adjournment of the trial), and the 2007 Action was resolved just weeks before

trial by the parties' August 11, 2009 Settlement Agreement which confirmed SEI's exclusive right to distribute *TVP Polonia* programming in the United States and mandated that geo-blocking continue. *See* PX 10 at II.A-B. Despite the Settlement Agreement, TVP again infringed SEI's exclusive rights just weeks later by licensing some of the most popular *TVP Polonia* serial dramas to a competitor of SEI in Chicago. *See* PX 11, 20, 21, 22; Tr. at 71:17-72:7; 72:20-73:8. This led to further litigation between the parties, and it was during the pendency of this litigation, and for an improper purpose, that the infringement at issue in this action occurred.

Based upon the trial evidence, this Court specifically concluded that TVP had a "history of infringing [SEI's] copyright[s]." *See* Docket No. 85 (Memorandum Opinion) at 4 (referring to the 2007 Action and the 2009 settlement thereof). Given TVP's improper motivation infringement of SEI's copyrights by TVP's purposeful removal of its geo-blocking technologies, an award of costs and fees to SEI pursuant to section 505 of the Copyright Act is mandated. *See, e.g., Prunty*, 2016 U.S. Dist. LEXIS 85901, at *10 (holding that party's "pattern of abusive and meritless copyright litigation warrants the imposition of an attorney's fee award"); *BMG Rights Mgmt.*, 2017 U.S. Dist. LEXIS 21001 at *13-*14 (holding that willful infringement is an important factor favoring an award of fees and costs: "…[T]he jury found that [defendant] knew or should have known that its behavior was wrong and continued in spite of that awareness. Therefore, [defendant's] motivations can be seriously questioned, and fees are appropriate in order to deter future violations.").

### C. TVP'S DEFENSES WERE DEVOID OF ANY LEGAL OR FACTUAL BASIS AND WERE OBJECTIVELY UNREASONABLE

Independently (and cumulatively), an award of costs and fees to SEI is warranted here because TVP's defenses – *i.e.*, that the infringement never occurred; the completely unreasonable, unsupported, and knowingly false claim that SEI's witnesses were lying (because, according to TVP, these witnesses circumvented TVP's geo-block); that TVP purportedly did not engage in any volitional act of infringement; that any access was a result of a technological glitch or database

failure; and/or that TVP purportedly relied upon some act of SEI (such that SEI should be estopped from claiming infringement) – all were devoid of legal and factual basis and, as such, were objectively unreasonable. Specifically, this Court specifically concluded (contrary to the sworn testimony of TVP's sole fact witness) that TVP knowingly, willfully and volitionally infringed SEI's copyrights by coding (or removing system default geo-blocking restrictions for) specific formats of *TVP Polonia* episodes so that the episodes could be viewed in the United States. *See* Docket No. 80 (Am. Post-Trial Findings) at I.D.2(a)-(b) and PX 55, 56, 60, 63, 64; II.C.7. Further, in finding that TVP's infringement was volitional and willful, the Court specifically found that <u>the documentary evidence produced by TVP alone</u> (*i.e.*, computer screenshots of TVP's workflow system) "show that multiple formats were made for episodes, and these formats included … one without a territorial restriction" (which TVP employees later intentionally deleted). *See id.*

Because TVP's infringement was knowing and willful, as this Court has held, TVP knew that the infringement did in fact occur, that SEI's witnesses were testifying truthfully (and that TVP's witness was not), that the infringement was intentional (and not an innocent computer or database glitch), and that TVP was not ignorant of the true facts (such to support a defense of equitable estoppel). Accordingly, TVP's defenses at trial[1] were devoid of any factual basis and were objectively unreasonable, and significantly contributed to the costs and expenses incurred by SEI in this action. *See Kirtsaeng*, _ U.S. _, 136 S. Ct. at 1989 (reiterating that the objective unreasonableness of a party's position is an important factor in deciding whether to award fees); *BMG Rights Mgmt.*, 2017 U.S. Dist. LEXIS 21001 at *10-*13 (awarding prevailing plaintiff over $8 million in fees and costs, holding that: "[A]lthough [defendant's] defensive arguments may have

---

[1] Ealier, the Court rejected TVP's contention, raised at summary judgment, that SEI's infringement claim was precluded based upon the party's contractual relationship. *See* Docket No. 33 (Transcript of July 9, 2015 Motions Hearing) at 73. The Court similarly rejected TVP's claim that its actions were entirely extraterritorial. *Id.* at 74; *see also* Docket No. 80 (Am. Post-Trial Findings) at II.C.5 & n.3. Indeed, by "removing" the "minus ameriki" geo-block default setting, TVP's conduct was specifically directed to the Americas.

been reasonable as an abstract legal theory, when viewed in light of the actual facts of the case, they evince an objectively unreasonable litigation position ...."); *Newborn v. Yahoo! Inc.*, 437 F. Supp. 2d 1, 6-7 (D.D.C. 2006) (awarding fees and costs based upon party's objectively unreasonable litigation position; collecting cases).  Accordingly, an award of costs and fees to SEI pursuant to the Copyright Act is warranted.

### D. AN AWARD OF FEES AND COSTS IS FURTHER WARRANTED BY TVP'S EGREGIOUS LITIGATION MISCONDUCT

An award of costs and fees to SEI is further warranted here on the independent (and cumulative) ground that TVP engaged in egregious litigation misconduct in this action.  *See Kirtsaeng*, _ U.S. _, 136 S. Ct. at 1988-89 ("... [A] court may order fee-shifting because of a party's litigation misconduct, whatever the reasonableness of his ... defenses ....").  Indeed, when confronted with SEI's infringement claim, TVP improperly attempted to cover-up its actions by, among other things, deleting and manipulating files to cover up that the infringements occurred, testifying to completely fictitious theories of geo-blocking system failures, and implying, or even at times stating, that Plaintiff's witnesses were lying under oath.

The Court has already found that TVP's infringement was knowing and willful, and that its subsequent efforts to cover-up its actions were "egregious," and included the "'intentional manipulation' of evidence 'for the purposes of this litigation.'"  *See* Docket No. 85 (Memorandum Opinion) at 4 (*citing* Docket No. 80 (Post-Trial Findings) at 14-15 (finding that: "TVP employees acted intentionally to delete multiple formats [of SEI's registered episodes]" and intentionally manipulated "workflow logs prior to TVP taking screenshots ... of them for purposes of this litigation").  An award of fees and costs to SEI is warranted based upon TVP's egregious litigation conduct alone, and certainly in combination with TVP's improper motivation and willful conduct, as well as TVP's assertion of objectively unreasonable defenses in this action.

Accordingly, SEI respectfully requests that the Court award SEI its full costs ($58,987.51) and attorneys' fees ($845,519.13) incurred in this action (as detailed further below and in the accompanying Declaration of Jonathan Zavin), in the total amount of $904,506.64.

### III.   THE COSTS AND FEES SOUGHT BY SEI ARE REASONABLE

The recoupable costs and attorneys' fees incurred by SEI in this action are set forth in detail in the accompanying declaration of Jonathan Zavin, SEI's lead trial counsel in this action. *See* Zavin Decl. at Exh. 4 (Summary of Fees and Costs); *id.* at Exh. 3 (itemized invoices). As set forth in the Zavin Declaration and exhibits, SEI seeks an award of $58,987.51 in costs[2] incurred (which include, among other things, copyright registration costs, translation costs, transcript costs, the costs of legal research, and travel costs for, among other things, the conduct of numerous depositions in Warsaw, Poland), as well as $845,519.13 in attorneys' fees (such fees being already heavily reduced by Loeb by way of billing-rate freezes, percentage discounts, write-offs, other negotiated reductions, as well as the elimination of additional fees and costs incurred for purposes of this motion).[3] *See* Zavin Decl. at ¶¶ 2-5, 16-19 and Exhs. 3-4.

In addition to an award of "full costs" as authorized by the Copyright Act, SEI seeks an award of its reasonable attorneys' fees. *See* 17 U.S.C. § 505. Loeb & Loeb LLP ("Loeb") has significant experience litigating copyright infringement matters, and Mr. Zavin (lead counsel) is a nationally recognized copyright litigator with decades of experience litigating copyright infringement actions across the country. *See* Zavin Decl. at ¶¶ 3, 7(a) and Exhs. 1-2, 5, 8. The fees

---

[2]  SEI will submit the supporting third-party invoices for such costs should the submission of such materials be requested.

[3]  SEI incurred over $25,000 in rebuttal expert fees for which it is not seeking reimbursement, because prevailing case law holds that such fees are not "cost" under the Copyright Act. Similarly, SEI is not seeking reimbursement of attorneys' fees and/or costs associated with the filing of the current motion.

sought by SEI herein are the actual fees (and rates) that Loeb charged SEI, making the rates presumptively reasonable. *See* Zavin Decl. at ¶ 4; *see also Katten by Thomas v. Dist. of Columbia*, 995 F.2d 274, 278 (D.C. Cir. 1993) ("[A]n attorney's usual billing rate is presumptively the reasonable rate, provided that this rate is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"); *see also Crescent Pub'g Grp., Inc. v. Playboy Enters.*, 246 F.3d 142, 144 (2d Cir. 2001) ("any evidence of the actual billing arrangement between [the litigant] and its counsel should be considered a significant, though not necessarily controlling, factor in determination of what fee is 'reasonable'").

Further, the fees sought to be recovered by SEI are reasonable (in respect to the applicable billing rates) based upon the experience level of the attorneys providing services, as well as Loeb's billing practices, and are consistent with the hourly rates of comparable firms (as detailed by *The National Law Journal*), as well as the rates set forth in the Legal Service Index-adjusted *Laffey* Matrix (prevailing market rates in Washington D.C. for complex civil litigation). *See* Zavin Decl. at ¶¶ 6-15 and Exh. 8 (Fee and Cost Order in *Counts v. Meriwether,* C.D. Cal. Case No. 2:14-cv-396) at 5-7 (awarding fees and costs pursuant to Copyright Act and holding that Mr. Zavin's rates were reasonable); *id.* Exh. 16 (Fee and Cost Order in *Mayimba Music, Inc. v. Sony/ATV Latin Music Pub'l LLC*, S.D.N.Y Case No. 12-civ-1094) (awarding fees and costs pursuant to Copyright Act and holding that paralegal rates, although higher than usual, were reasonable "in light of the substantial experience of the support staff"); *see also Salazar v. Dist. of Columbia*, 809 F.3d 58, 64 (D.C. Cir. 2015) (adopting the LSI *Laffey* Matrix); *Makray v. Perez,* 159 F. Supp. 3d 25, 36 (D.D.C. 2016) ("… [T]he *Salazar*/LSI Matrix supplies reasonable reimbursement rates in 'complex federal litigation….'"); *Vienna Metro LLC v. Pulte Home Corp.*, No. 1:10-cv-00502, 2011 U.S. Dist. LEXIS 158648, at *34 and Table 1-2 (E.D. Va. Aug. 24, 2011) (setting forth the "*Vienna Metro* Matrix" for billable rates in Northern Virginia).

The total amount of fees incurred is particularly reasonable and appropriate (in respect to the total number of billed), given that most of these fees were required because of the manner in which TVP chose to litigate this action – *i.e.*, by advancing theories and expert testimony that it knew to be false and/or hypothetical, and by destroying and manipulating relevant evidence. The application of the foregoing factors confirms that the amount of Loeb's fees is reasonable, and that SEI should be awarded its full fees and costs.

According, SEI respectfully requests that the Court grant its motion and award SEI $58,987.51 in costs, as well as $845,519.13 in reasonable attorneys' fees, for a total of $904,506.64.

## CONCLUSION

For each of the foregoing reasons, Plaintiff SEI respectfully requests that the Court award SEI its full costs and reasonable attorneys' fees pursuant to section 505 of the Copyright Act.

Dated: New York, New York
       February 24, 2017                LOEB & LOEB LLP


                                        By: /s/ Jonathan Zavin
                                            Jonathan Zavin
                                            John Piskora
                                            345 Park Avenue
                                            New York, New York 10154-1895
                                            (212) 407-4000

                                        *Attorneys for Spanski Enterprises, Inc.*