UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-------------------------------------------------------X
                                                       :
SPANSKI ENTERPRISES, INC.,                             :
                                                       :  Case No. 12-cv-957 (TSC)
            Plaintiff,                                 :
                                                       :  **DECLARATION OF JONATHAN ZAVIN**
       v.                                              :  **IN SUPPORT OF PLAINTIFF'S MOTION**
                                                       :  **FOR AN AWARD OF COSTS AND**
TELEWIZJA POLSKA, S.A.,                                :  **ATTORNEYS' FEES PURSUANT TO**
                                                       :  **17 U.S.C. § 505**
            Defendant.                                 :
                                                       :
-------------------------------------------------------X

      JONATHAN ZAVIN declares under penalties of perjury, pursuant to 28 U.S.C. § 1746, as follows:

      1.    I am member of Loeb & Loeb LLP ("Loeb"), attorneys for Plaintiff Spanski Enterprises, Inc. ("SEI") in this action. I am fully familiar with the matters asserted herein and respectfully submit this declaration in support of SEI's motion for attorneys' fees and costs pursuant to section 505 of the Copyright Act (17 U.S.C. § 505) and Fed. R. Civ. P. 54(d)(2).

      2.    SEI seeks an award of $58,987.51 in costs and $845,519.13 in attorneys' fees reasonably incurred as of January 31, 2017 in the course of initiating and maintaining this action. These expenses are associated with (*inter alia*): Loeb's initial investigation of Defendant Telewizja Polska S.A.'s ("TVP") infringing activities; the registration of relevant copyrights; the preparation of SEI's complaint, as well as the ancillary materials and Polish-language translations required to be served pursuant to the Foreign Sovereign Immunities Act ("FSIA"); the international service of Plaintiff's initial pleadings pursuant to the Hague Convention, as well as Plaintiff's motion for an extension of time to complete foreign service upon TVP; the

preparation of the initial Scheduling Order; preparing and responding to document requests and interrogatories; various additional discovery matters, including but not limited to the taking and defending of numerous party depositions (including a number of party depositions that were conducted in Warsaw, Poland), as well as expert depositions; SEI's opposition to TVP's motions to amend its answer and for partial summary judgment; SEI's cross-motion for summary judgment, as well as oral argument on the motions; SEI's pre-trial motion to exclude certain expert materials and testimony; SEI's opposition to TVP's pre-trial motion seeking to exclude the introduction of certain recorded Internet activity and related testimony, as well as oral argument on the pre-trial motions; preparation of the parties' joint pre-trial statement; the preparation and participation in Court-Ordered settlement discussions; the preparation and conduct of the 5-day trial of this action to the Court; and the preparation of post-trial submissions with respect liability as well as SEI's request for an award of statutory damages.

## LOEB'S PROFESSIONAL CAPABILITIES AND BILLING PRACTICES

3. Loeb is a full service law firm with domestic offices in Los Angeles, New York, Chicago, Nashville, and Washington, D.C. Loeb is widely known for its intellectual property litigation practice. Loeb employs more than 300 attorneys, over 50 of whom specialize in intellectual property counseling and litigation. Loeb has been regularly ranked among the top media and entertainment law firms, and has been specifically recognized for the New York City office's "particular strength in copyright infringement matters." *See* **Exhibit 1** (*Chambers U.S.A.* 2015). In 2012, when this action was initiated, Loeb was similarly named to *The National Law Journal's* inaugural "Intellectual Property Hot List", which recognized law firms that excelled in providing patent, copyright and trademark legal services. *See* **Exhibit 2.**

4.      Each Loeb attorney and paralegal who performed professional services for SEI in this action maintained a detailed, contemporaneous time record of the services rendered and the time expended on a daily basis. These time records were entered into a computer database that is maintained by Loeb's client accounting and billing department in the ordinary course of business and used to create monthly bills. The client accounting and billing department generated preliminary billing reports that were reviewed by me, as the primary litigation attorney responsible for this matter, for accuracy and which I revised as necessary. I periodically wrote off time as part of that review process, or otherwise provided SEI discounts or other accommodations. In addition to continued discounts afforded SEI, in mid-2014 Loeb agreed to bill SEI for ongoing attorneys' fees at 2013 billing rates. The client accounting and billing department entered any revisions and write-offs made by me into a computerized database and generated invoices therefrom, which SEI thereafter paid.

5.      Prior to making this declaration, I reviewed Loeb's invoices further, including the contemporaneous, daily time entries (recorded in tenths of an hour) of all Loeb employees who performed services for SEI in connection with this action from January 2012 to January 31, 2017. In connection with that review, I have eliminated, for purposes of this motion, unrecoverable costs and/or fees that were only collaterally related to this litigation. Loeb's invoices are attached hereto collectively as **Exhibit 3**. A summary of costs and fees per invoice sought to be recovered is attached hereto as **Exhibit 4**.

**ATTORNEY EXPERIENCE LEVELS AND BILLABLE RATES CHARGED BY LOEB**

6.      Based upon my experience (further detailed below) and personal knowledge, the hourly rates charged by Loeb attorneys and paralegals in this case are comparable, and in some

cases less than, the rates charged by other Washington, D.C. firms of comparable reputation and expertise.

7. Indeed, given that SEI is a long-standing Loeb client, the hourly rates charged by Loeb attorneys and paralegals in this action were discounted (between 10% and 15%) from our standard rates (which are paid routinely by Loeb's clients), as further detailed hereafter:

**Core Litigation Team**

  a. Jonathan Zavin (partner): I earned my J.D. from Columbia University School of Law in 1973 and have been practicing law for forty-four years since. My practice specializes in, and I have extensive experience with respect to, the litigation of intellectual property disputes. I have litigated scores of copyright and trademark cases, and have advised major film studios, television distributors, producers, recording companies and publishing companies on transactions in the entertainment and new media industries. A copy of my firm biography is attached hereto as **Exhibit 5**. I served as lead counsel in this case and supervised and counseled on all aspects of the litigation, including formulating a litigation strategy, reviewing and revising each pleading submitted on behalf of SEI, appearing for and arguing various motions, and conducting the multi-day trial of this action. During the pendency of this action, I was awarded a number of intellectual property-related distinctions, including being named "Media and Entertainment MVP" by Law360 (2014); "New York City Copyright Lawyer of the Year," Best Lawyers (2014); "Top Entertainment Attorney" in Variety's "Legal Impact Report" (2013 and 2015); and "Best Lawyer" in Copyright Law, The Best Lawyers in America, published by Woodward White, Inc. (2012-2017).

*See id.* I have represented SEI in transactional and litigation matters continuously since 2006. Set forth below is a table setting forth my billable rate for each year (pre-discount), effective billable rate (post discount), as well as the Legal Service Index-adjusted *Laffey* Matrix (the "LSI *Laffey Matrix*," attached hereto as **Exhibit 6**)[1] and *National Law Journal* billing surveys (limited to average Washington D.C. partner rates, attached hereto collectively as **Exhibit 7**):

| Name | Rate | 2012 | 2013 | 2014[2] | 2015 | 2016-17 |
|---|---|---|---|---|---|---|
| Jonathan Zavin (20 +) | Billed (pre-discount) | $800 | $825 | $850/$825 | $825 | $850 |
| | **Effective (discounted)** | **$696/720** | **$721.87** | **$701/744** | **$701** | **$722.50** |
| | LSI *Laffey* Matrix | $734/753 | $753/771 | $771/789 | $789/796 | $796/826 |
| | Nat'l Law Journal | $315/1250 | $335/1250 | $355/1250 | | |

*See also* **Exhibit 8** (Fee and Cost Order in *Counts v. Meriwether,* C.D. Cal. Case No. 2:14-cv-396) at 5-7 (awarding fees and costs pursuant to Copyright Act and holding that my similarly reduced/effective billing rate of $701.25/hr was reasonable in copyright infringement action).

b. John Piskora (senior counsel): Mr. Piskora earned his J.D. from Fordham University School of Law in 2001 and has been practicing law as a litigator with Loeb since that time. Mr. Piskora is a commercial litigator and intellectual property attorney who has had extensive experience handling complex

---

[1] SEI submits that the Legal Service Index-adjusted *Laffey* Matrix (the "LSI *Laffey Matrix*"), applicable in this District to complex civil litigation, is applicable here given that this action involved: litigation against an alleged agency or instrumentality of foreign sovereign state (and, thus, raised considerations governed by the Foreign Sovereign Immunities Act); the interposition of highly technical legal and factual defenses concerning, among other things, TVP's geo-blocking technologies and use thereof, which necessitated the engagement of specialized experts; as well as TVP's spare-no-expense defense conducted by its counsel, DLA Piper, one of the largest, expensive, and most sophisticated law firms in the world.

[2] In mid-2014, Loeb agreed to bill SEI for ongoing attorneys' fees at 2013 billing rates.

5

commercial actions, including intellectual property, right of publicity, and licensing disputes, as well as white collar and criminal investigations. In the intellectual property, advertising, and entertainment fields, Mr. Piskora has represented major motion picture studios, independent film producers, designers, and individuals in copyright, trademark, right of publicity, licensing, advertising, and accounting disputes. He also has experience (apart from various lawsuits involving TVP) litigating matters governed by the Foreign Sovereign Immunities Act. A copy of Mr. Piskora's firm biography is attached hereto as **Exhibit 9**. He took primary responsibility for the day-to-day conduct of this litigation, served as "second chair" counsel at the trial of this action, and was primarily responsible for the drafting pleadings and motions, conducting written discovery, conducting and defending depositions (including expert depositions); appearing for various conferences, and conducting the multi-day trial. Mr. Piskora has represented SEI in litigation matters since 2007. Set forth below is a table setting forth Mr. Piskora's billable rate for each year (pre-discount), effective billable rate (post discount), as well as LSI *Laffey Matrix* rate:

| Name | Rate | 2012 | 2013 | 2014 | 2015 | 2016-17 |
|---|---|---|---|---|---|---|
| John Piskora (11+ yrs) | Billed (pre-discount) | $600 | $625 | $625 | $625 | $625/650 |
| | **Effective (w/ discount)** | **$522/540** | **$547** | **$532/547** | **$532** | **$532/553** |
| | LSI *Laffey* Matrix | $609/625 | $625/640 | $640/655 | $655/661 | $661/685 |

c. <u>Michael Barnett (associate)</u>: Mr. Barnett earned his J.D. from Columbia University School of Law in 2010 and practiced law as a litigator with Loeb from that time until December 2014 (at which time he took a position as an Assistant United

6

States Attorney for the Department of Justice). While at Loeb, his practice focused on litigation (including trial- and appellate-level litigation matters, as well as arbitrations), and included experience in prosecuting and defending copyright actions, arbitrating and litigating contract disputes, conducting judgment enforcement activities, and defending institutional clients in securities fraud and investment advisor lawsuits. A copy of Mr. Barnett's firm biography from is attached hereto as **Exhibit 10**. Mr. Barnett represented SEI in various litigation matters from 2011 to 2014. Until his departure from Loeb in 2014, Mr. Barnett served as the junior litigation associate assigned in this case, and was responsible for the oversight and preparation of the copyright registration applications and registrations that were the subject of this action; the collection and documentation of certain evidence in respect to same; the drafting of pleadings and discovery requests and responses; the production of discovery materials; the review of discovery from defendant; as well as preparing materials for deposition and defending the deposition of Christian Jensen. Set forth below is a table setting forth Mr. Barnett's billable rate for each year (pre-discount), effective billable rate (post discount), as well as the LSI *Laffey Matrix* rate:

| Name | Rate | 2012 | 2013 | 2014 | 2015 | 2016 |
|---|---|---|---|---|---|---|
| Michael Barnett (2-4 yrs) | Billed (pre-discount) | $375 | $450 | $575/$450 | N/A | N/A |
| | **Effective (w/ discount)** | **$326/337** | **$393.75** | **$382/$489** | N/A | N/A |
| | LSI *Laffey* Matrix | $305/312 | $312/320 | $393/402 | N/A | N/A |

d. <u>Sarah Schacter (associate)</u>: Ms. Schacter earned her J.D. from Georgetown University Law Center in 2011 and began the practice of law as a litigation

7

associate in the New York office of Hogan Lovells US LLP. Immediately prior to joining Loeb in 2014, Ms. Schacter served as a law clerk to the Honorable Vincent L. Briccetti, United States District Court Judge for the Southern District of New York. At Loeb, Ms. Schacter has handled a range of complex litigation matters with a focus on intellectual property and entertainment law, commercial litigation, and securities litigation and enforcement. A copy of Ms. Schacter's firm biography from is attached hereto as **Exhibit 11**. Following Mr. Barnett's departure from Loeb, Ms. Schacter served as the junior associate assigned to this case, and was responsible for conducting legal research; drafting motions and other pleadings; drafting mediation materials; and assisting with the preparation of witnesses and other materials in connection with the multi-day trial of this action (although Ms. Schacter attended also attended the trial of this matter, her time for attendance was written off). Set forth below is a table setting forth Ms. Schacter's billable rate for each year (pre-discount), effective billable rate (post discount), as well as the LSI *Laffey Matrix* rate:

| Name | Rate | 2012 | 2013 | 2014 | 2015 | 2016/17 |
|---|---|---|---|---|---|---|
| Sarah Schacter (3-6 yrs) | Billed (pre-discount) | N/A | N/A | $475 | $475 | $475/590 |
| | **Effective (w/ discount)** | N/A | N/A | **$404/416** | **$404** | **$404/502** |
| | LSI *Laffey* Matrix | N/A | N/A | $320/328 | $402/406 | $406/421 |

**Supporting Attorneys**

8. At various times during the course of this litigation (and, in particular, during the briefing of the parties' cross-motions for summary judgment and motions *in limine*) a number of supporting attorneys provided additional services. Their firm biographies are attached hereto as

**Exhibits 12** (Thomas Nolan, associate/senior counsel), **13** (C. Linna Chen, associate), **14** (Sasha Seagal, associate), and **15** (Joel Ernst, associate). As set forth in their respective bios, each of these supporting attorneys practices in the litigation department (and most specialize in intellectual property-related litigation). Set forth below are tables setting forth each of their billable rates by year (pre-discount), effective billable rate (post discount), as well as the LSI *Laffey Matrix* rate:

| Name | Rate | 2012 | 2013 | 2014 | 2015 | 2016-17 |
|---|---|---|---|---|---|---|
| Tom Nolan (8-10 yrs) | Senior Counsel | N/A | N/A | N/A | $600 | N/A |
| | **Effective (w/ discount)** | N/A | N/A | N/A | **$510** | N/A |
| | LSI *Laffey* Matrix | N/A | N/A | N/A | $581/586 | N/A |

| Name | Rate | 2012 | 2013 | 2014 | 2015 | 2016-17 |
|---|---|---|---|---|---|---|
| C. Linna Chen (4-7 yrs) | Associate | N/A | N/A | N/A | $575 | N/A |
| | **Effective (w/ discount)** | N/A | N/A | N/A | **$489** | N/A |
| | LSI *Laffey* Matrix | N/A | N/A | N/A | $402/406 | N/A |

| Name | Rate | 2012 | 2013 | 2014 | 2015 | 2016-17 |
|---|---|---|---|---|---|---|
| Sasha Segall (1-3) | Associate | N/A | N/A | N/A | N/A | $440 |
| | **Effective (w/ discount)** | N/A | N/A | N/A | N/A | **$374** |
| | LSI *Laffey* Matrix | N/A | N/A | N/A | N/A | $331/343 |

| Name | Rate | 2012 | 2013 | 2014 | 2015 | 2016-17 |
|---|---|---|---|---|---|---|
| Joel Ernst (1-3) | Associate | N/A | N/A | N/A | N/A | $440 |
| | **Effective (w/ discount)** | N/A | N/A | N/A | N/A | **$374** |
| | LSI *Laffey* Matrix | N/A | N/A | N/A | N/A | $343 |

**Other Loeb Professionals**

9. The other Loeb professionals who assisted with this matter include paralegals Antoinette Pepper (senior paralegal and day-to-day), Timothy Cummins (managing clerk), Geri Papa (senior paralegal), Christopher Jensen (junior paralegal), Maureen Cloonan (junior paralegal), Roxanne McRae (junior paralegal), and litigation technology support manager Josh Gorruso.

10. Antoinette Pepper, the day-to-day paralegal assigned to this matter, has more than 27 years of experience as a litigation paralegal. Ms. Pepper's time on this matter was primarily spent overseeing the engagement and work-product of translators; cite checking and Shepherdizing legal memoranda (including online research); assembling, organizing and maintaining case files and discovery materials; and supervising the junior paralegals in the organization and assembly of exhibits to declarations as well as trial materials.

11. Timothy Cummins has over 20 years of experience as a litigation paralegal and serves as Managing Clerk of Loeb's New York City office. Mr. Cummins' time on this matter was primarily spent managing and updating Loeb's internal docket and case calendar for this action; facilitating and overseeing the engagement of a foreign process server; and the filing of various motion papers and other submissions. Geri Papa, the head of the litigation paralegals, similarly provided services in the role of managing clerk at times when Mr. Cummins was not available.

12. Josh Gorruso is the litigation support manager, with over 13 years of experience in data technology, e-discovery, and project management. Mr. Gorruso's time on this matter was primarily spent assisting in fact discovery, including the importing of client, expert and opposing

party documents for review and the production of documents, and assisting in the recording of videos and use of exhibits (electronic files) and video for trial.

13. Roxanne McRae and Maureen Cloonan were junior litigation paralegals (under 8 years' experience). Their time on this matter was primarily spent assembling, organizing and preparing materials for discovery and/or exhibits for depositions, motions and trial.

14. Finally, Christen Jensen, also a junior paralegal, was primarily tasked with the pre-registration and registration of various works for copyright, the recording of such works for submission to the Copyright Office, as well as recording such activities.

15. Set forth below is a table setting forth each of the paralegal billable rates by year (pre-discount), effective billable rate (post discount), as well as the LSI *Laffey Matrix* paralegal rate:

| Name | Position | 2012 | 2013 | 2014 | 2015 | 2016-17 |
|---|---|---|---|---|---|---|
| Antoinette Pepper | Sr. Paralegal | $365 | $375 | $375 | $375 | $375 |
| | **Effective (w/ discount)** | **$318/329** | **$326** | **$319** | **$319** | **$319** |
| Timothy Cummins | Managing Clerk | $330 | $330 | $340/$330 | $330 | $340 |
| | **Effective (w/ discount)** | **$287/297** | **$287** | **$281** | **$281** | **$289** |
| Geri Papa | Sr. Paralegal | $365 | $375 | $375 | $375 | $375 |
| | **Effective (w/ discount)** | **$318/329** | **$326** | **$338** | **$338** | **$338** |
| Josh Gorruso | Technology/Lit. Support | $355 | $355 | $355 | N/A | $355 |
| | **Effective (w/ discount)** | **$309/320** | **$320** | **$302** | **N/A** | **$302** |
| Roxanne McRae | Jr. Paralegal | N/A | N/A | $195/$185 | N/A | $195 |
| | **Effective (w/ discount)** | **N/A** | **N/A** | **$157/167** | **N/A** | **$167** |
| Maureen Cloonan | Jr. Paralegal | $230 | N/A | N/A | N/A | N/A |
| | **Effective (w/ discount)** | **$200** | **N/A** | **N/A** | **N/A** | **N/A** |

| Christian Jensen | Paralegal | $215 | N/A | N/A | N/A | N/A |
|---|---|---|---|---|---|---|
| | **Effective (w/ discount)** | **$187/194** | N/A | N/A | N/A | N/A |
| | LSI *Laffey* Matrix | $166/170 | $170/175 | $175/179 | $179/180 | $180/187 |

While the majority of effective paralegal rates are above the LSI *Laffey Matrix* rates, based upon my decades of experience and personal knowledge, the Loeb paralegal rates are commensurate with those charged by other firms (based upon the experience of such paralegals).  *See also* **Exhibit 16** (Fee and Cost Order in *Mayimba Music, Inc. v. Sony/ATV Latin Music Pub'l LLC*, S.D.N.Y Case No. 12-civ-1094) (awarding fees and costs pursuant to Copyright Act and holding that Loeb paralegal rates, although higher than usual, were reasonable "in light of the substantial experience of the support staff").  Moreover, any such overage was more than offset in this case as the discounted and effective billable rates for myself and Mr. Piskora were regularly <u>below</u> the applicable LSI *Laffey Matrix* rates (and, in the case of Mr. Piskora, who handled this matter on a day-to-day basis, his effective billable rate was between $80 -$130/hr below the applicable LSI *Laffey Matrix* rate).

### THE NUMBER OF HOURS WORKED WAS REASONABLE GIVEN THE LENGTH AND COMPLEXITY OF THE CASE

16.     As set forth briefly above, each Loeb professional who performed services for the SEI prepared a detailed time record of the time expended and services rendered on a daily basis. Each month, a preliminary billing report was generated and reviewed by me as the responsible partner to ensure that only reasonable and necessary time entries were included in the monthly invoices.  On a number of occasions, I did, in fact, write off (in whole or in part) time entries that were redundant, unnecessary, or otherwise a service that Loeb would provide as a complimentary matter (this was in addition to the billing rate freezes, courtesy discounts, and other billing accommodations granted to SEI).

17.     I have reviewed the attached invoices (*see* **Exhibit 3**) and time entry details, and based on my forty years of experience as a litigator and my knowledge of the facts of this case,

the entries reflect time reasonably and necessarily expended in the preparation and pursuit of this action.  This is particularly so given: the length of the case (more than three years); the prerequisite investigation and need to file for appropriate copyright registrations; the fact that discovery was taken from sources in both the United States and Poland (including numerous depositions conducted in Warsaw); the extensive investigation and research necessary to understand TVP's geo-blocking defense, as well as the technology underlying that defense; the need for expert discovery as to TVP's geo-blocking defense (and the purported causes for a purported geo-blocking failure); the fact that both parties moved for summary judgment, and similarly made evidentiary motions *in limine*; the need to prepare for and attend an unsuccessful mediation; the preparation of joint pre-trial submissions and the conduct of the trial over five days; and that substantial factual and legal pre-trial and multiple post-trial liability and damage-related submissions were required.  Indeed, but for the fact that TVP wrongfully denied that the infringement had occurred, and wrongly interposed defenses based upon TVP's geo-blocking capabilities (and the hypothetical failure thereof), SEI's costs and fees in respect to this matter would have been substantially less.

### SEI'S COSTS WERE REASONABLE AND WERE NECESSARY FOR ITS PURSUIT OF THIS ACTION

18.   In its pursuit of its claims in this action, SEI incurred certain necessary and reasonable costs, which included, among other things: costs associated with the copyright registration process; translation costs; reporter and transcript costs; the costs of legal research; travel costs (for, among other things, the conduct of numerous foreign depositions); filing fees; as well as duplication, messenger and shipping costs.

19.   Loeb's invoices (**Exhibit 3**) set forth in detail the amount and nature of all such costs and expenses.  I have reviewed all of these invoices and, based on my decades of experience as a litigator and my knowledge of the facts of this case, submit that all of these costs were reasonably necessary to SEI's pursuit of its claims in this action.

## LOCAL RULE 7(m) CONFERRAL

20.     Pursuant to Rule 7(m) of this Court's Local Civil Rules, on January 24, 2017, I conferred with Andrew L. Deutsch, Esq., counsel for Defendant TVP in this action, concerning SEI's intent to file the current motion. Based upon this discussion, I understand that Defendant TVP does not consent to the relief requested by SEI and intends to oppose same.

## CONCLUSION

21.     For each of the foregoing reasons, as well as the reasons stated in SEI's accompanying memorandum of law, I respectfully submit that the Court should award SEI, as prevailing party in this action, $58,987.51 in costs and $845,519.13 in reasonable attorneys' fees (and in the total amount of $904,506.64) pursuant to section 505 of the Copyright Act.

Pursuant to 28 U.S.C. § 1746, I declare under penalties of perjury that the foregoing is true and correct.

Dated: New York, New York
       February 24, 2017

                                                /s/  Jonathan Zavin
                                                JONATHAN ZAVIN