UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

------------------------------------------------------------------------ x

SPANSKI ENTERPRISES, INC.,

                                Plaintiff,

                  -against-

TELEWIZJA POLSKA S.A.,

                              Defendant.

------------------------------------------------------------------------ x

No. 12-cv-957 (TSC)

**DECLARATION OF ANDREW L. DEUTSCH IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN AWARD OF COSTS AND ATTORNEY'S FEES PURSUANT TO THE COPYRIGHT ACT**

Andrew L. Deutsch declares the following:

1.      I am counsel of record to defendant Telewizja Polska S.A. ("TVP"). I make this Declaration in opposition to the Motion for Attorney's Fees of plaintiff Spanski Enterprises, Inc. ("SEI").

2.      From the end of January 2016 through the trial of this case at the end of February 2016, and thereafter in preparing post-trial briefing and proposed findings of fact, supplemental briefs on damages, and this opposition to the attorney's fee motion, I have been the only attorney regularly employed on the case on TVP's behalf.  I worked with a paralegal in my firm, Valerie Fadis.  I alone prepared all of TVP's witnesses for trial, handled direct and cross-examination of lay and expert trial witnesses, and prepared and argued TVP's in-trial motions.  As the Court knows, only Ms. Fadis and I were at counsel table for TVP during the trial.

3.      There is a suggestion in Mr. Zavin's Declaration that because TVP was

represented by a large law firm, SEI should be entitled to recover large fees.  This is simply incorrect.  Both Mr. Zavin's firm, Loeb & Loeb, and my own are large firms with many offices. DLA Piper chose to staff this case leanly and efficiently.  SEI's lawyers did not make the same decision.

4.      This was not a particularly complex copyright case, from either a factual or legal perspective.  SEI's witnesses and case presentation could have easily have been prepared and trial conducted by a single senior attorney from Loeb & Loeb, using a paralegal.  Likewise, Loeb & Loeb could have readily prepared its post-trial proposed findings of fact, conclusions of law, and its briefing on damages and attorney's fees, using a single senior attorney and paralegal.  As mentioned, TVP was able to handle the opposing side of the case with one senior attorney and one paralegal from DLA Piper.

5.      I attach, as Exhibit 1, excerpts from the American Intellectual Property Law Association's 2015 Report  of the Economic Survey.  The selected pages show the billing rates as of 2015 of private firm partners and associates handling intellectual property work in specified markets in the United States, including specifically the Washington, D.C. market.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 17, 2017.

/s/  *Andrew L. Deutsch*
ANDREW L. DEUTSCH